*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 11, 2021

Plaintiff-Appellee,

v

No. 340943
Wayne Circuit Court
LC No. 16-006766-01-FC

DWUAN TAMAUL PARKMAN,

Defendant-Appellant.

AFTER REMAND

Before: RIORDAN, P.J., and JANSEN and STEPHENS, JJ.

PER CURIAM.

This case returns to us after remand to the trial court "to articulate, on the record, specific findings for the trial court's imposition of consecutive sentences pursuant to *People v Norfleet*, 317 Mich App 659, 654; 897 NW2d 195 (2016)." See *People v Parkman*, unpublished order of the Court of Appeals, entered June 4, 2020 (Docket No. 340943). The trial court held a resentencing hearing on July 20, 2020, where it fully articulated its reasoning for imposing consecutive sentences. The trial court ultimately concluded that the original sentence imposed would stand: defendant was sentenced, as fourth-offense habitual offender, MCL 769.12, to a prison term of 35 years to 35 years and one day for defendant's first-degree criminal sexual conduct (CSC-I) conviction, MCL 750.520b(1)(c), and a consecutive prison term of 20 to 30 years for defendant's first-degree home invasion conviction, MCL 750.110a(2).[1] We now affirm.

## I. BACKGROUND

We previously provided an extensive recitation of the facts in this case. See *People v Parkman*, unpublished per curiam opinion of the Court of Appeals, issued June 4, 2020 (Docket

---

[1] Defendant was also convicted of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(c) at trial. However, at defendant's original sentencing hearing, the trial court vacated that conviction on double jeopardy grounds.

No. 340943) (*Parkman I*). In short, defendant was convicted of sexually assaulting an 18-year-old Canadian flight attended in her hotel room near Detroit Metropolitan Airport. While the victim slept, defendant broke into her hotel room, removed her leggings and underwear, and raped her. The victim awoke to find defendant on top of her. A forensic evaluation was performed contemporaneously to the attack. Defendant's DNA matched DNA collected from a swab of the victim's labia majora and neck.

At trial, the jury found defendant guilty of CSC-I and first-degree home invasion, and defendant was sentenced as noted *supra*. Defendant appealed, and raised several claims of error, including a claim that the trial court had abused its discretion by imposing consecutive sentences in this case without fully articulating its rationale on the record. We affirmed defendant's convictions, but agreed that the trial court spoke only generally and did not provide any particularized reasoning for imposing consecutive sentences. See *Parkman I*, unpub op at 21-22. Thus, we concluded a remand to be necessary for the trial court to fully articulate its rational for the consecutive sentences imposed. *Id*. The trial court having fully done so on remand, we now address defendant's claim on the merits.

## II. STANDARD OF REVIEW

We review a trial court's decision to exercise its statutory discretion to impose consecutive sentences for an abuse of discretion. *Norfleet*, 317 Mich App at 654. "An abuse of discretion occurs when the court chooses an outcome that falls outside of the range of reasonable and principled outcomes." *People v Bass*, 317 Mich App 241, 256; 893 NW2d 140 (2016) (quotation marks and citation omitted).

## III. ANALYSIS

After remand, we conclude the trial court did not abuse its discretion by imposing consecutive sentences in this case.

"In Michigan, concurrent sentencing is the norm, and a consecutive sentence may be imposed only if specifically authorized by the statute." *People v Ryan*, 295 Mich App 388, 401; 819 NW2d 55 (2012) (quotation marks and citation omitted). In this case, the trial court was statutorily authorized to impose consecutive sentences by both the first-degree home invasion statute and the CSC-I statute. MCL 750.110a(8); MCL 750.520b(3).

"[T]rial courts imposing or more discretionary consecutive sentence are required to articulate on the record the reasons for each consecutive sentence imposed." *Norfleet*, 317 Mich App at 654. On remand, the trial court offered the following when imposing consecutive sentences in this case:

> Now I want very much to satisfy the Michigan Court of Appeals in their concerns about the sentencing. This is a sentencing statute of course for CSC-I and a home invasion which gives the Court authority to impose consecutive sentences for those crimes.

* * *

-2-

But I guess in explaining why I impose consecutive sentencing in this case and why I will persistent [sic] in doing so, I'll try to make a further explanation for the Court's edification. And that is first of all on the sentence with the CSC-I I did not depart from the sentencing guideline. Which I might have been able to justify in doing actually.

And although there was no, as [defense counsel] has pointed out, so called gratuitous violence against the young lady that was the victim in this case I think it's very important to point out that she was a 19-year-old newly hired flighted attendant from a small Canadian airline who grew up in a small Ontario town. She was on her maiden voyage with her new job. She was just exceedingly traumatized by this rape. And I'm sure just shaken to the core. I mean, she was still showing signs of the traumatic impact of this that [sic] had on her even at the time of our second trial. Which was probably 18 months to 2 years after the crime. And you know, and obviously shaken.

I think that the facts and circumstances of the way the defendant stalked the victim and premediated and deliberated this act by following her from the restaurant where she was having dinner that night, stealthily following her to her hotel. And then following her into the hotel. And there walking up and down the hallways for several hours before he finally made entry into her room.

Found where she was and made entry into the room. Making fake phone calls while he was walking up and down the lobby so that hotel personnel wouldn't suspect that he as just biding time. I mean, all of that show a really demented sense of premeditation and deliberation in the run-up to the commission of this crime.

The defendant too, I've noted, had an extensive criminal history. He has by my count, seven prior felony cases where he's been convicted of more than one crime. I'm just saying he has seven prior felony cases where he was convicted of a felony, at least one felony. Now I'm not even counting the marijuana cases. And I'm not counting a felony nonsupport case.

I'm not counting the fact that some of his prior felonies he was actually convicted of more than one crime. I'm just saying he had seven prior felony cases where he was convicted of a felony, at least one felony. And in a couple of cases went to prison because he was a probation violator.

So I could make a number of arguments for why or how his guidelines don't adequately take into account his criminal history or the stealth and mind-boggling, you know, sort of sociopathy that went into the commission of this crime. In fact, I think when we were discussing the sentencing guidelines that I made a number of calls on the guidelines that were in the defendant's favor because I did not want to create unnecessary or useless appellate issues. So he got the benefit of every doubt in the calculation of the guidelines. They could have been calculated considerably higher.

* * *

In the extreme fragility and vulnerability of the victim, the fact that [defendant] did commit two, at least two very serious felonies. The home invasion and the criminal sexual conduct in the [first] degree. And I think under the circumstances that regardless of the consequences to Mr. Parkman in terms of when he gets out of if he gets out.

You know, this is not unusual that a term of years actually ends up being what essentially amounts to a life term. But that by itself has never been ruled to be a basis for reducing [a] sentence that is otherwise supportable. So in the end I'm going to sustain my own sentence. I hope that the record that we've made today is adequate for the Court of Appeals.

We conclude that the trial court's explanation on remand, was incredibly thorough, and when considered in conjunction with the Legislature's clear authorization of consecutive sentencing for CSC-I and first-degree home invasion convictions, was sufficient to demonstrate that the imposition of consecutive sentences in this case fell within the range of reasonable and principled outcomes. The trial court noted that defendant stalked the victim, following her from a restaurant to her hotel. Defendant then spent a significant amount of time walking around the hotel talking on a cell phone to deceive hotel staff, lying in wait until breaking into the victim's hotel room while she slept. The trial court went on to note defendant's extensive criminal history, his status as a fourth-offense habitual offender, and the extreme emotional and psychological toll this attack has taken on the victim. Thus, we conclude that on the record before us the trial court did not abuse its discretion by fully considering all of the circumstances in this case, and determining that consecutive sentences were appropriate.

Affirmed.

/s/ Michael J. Riordan
/s/ Kathleen Jansen